ELIZA TOMLINSON, *et al* , v. JOSEPH TOMLINSON, Appellant.

CANCELLATION OF DEED: *Evidence.* A decree setting aside a deed is sustained by evidence that the grantor and grantee were brothers; that the grantor was seventy years old, and mentally and physically weak; that he was financially embarrassed, had been sued for slander, reposed special confidence in the grantee, who was several years his junior, and of good business capacity, and acted on the grantee's advice, without consideration for the deed,—the grantee himself admitting that when he took the deed he knew that the grantor was mentally incapable of protecting his own interests.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

TUESDAY, OCTOBER 26, 1897.

ACTION in equity to set aside and cancel a deed of certain lands which was made to the defendant, and for a decree quieting the title in the plaintiffs. Decree for plaintiffs. Defendant appeals.— *Affirmed.*

*Robert G. Cousins* for appellant.

*L. A. Ellis* and *F. O. Ellison* for appellees.

KINNE, C. J.—The grounds alleged for the relief demanded are: (1) Fraud and undue influence on the part of defendant in obtaining the deed to the land in question, and (2) a fraudulent alteration of the deed, after its execution and delivery, in a material part, rendering it inoperative as a conveyance. The answer is a general denial, and averments that the defendant is the absolute owner of the land. As usual in such cases, the evidence is, as to some material matters, conflicting, but a careful consideration of all of the competent evidence satisfies us that the following, among other, facts are established: Eliza Tomlinson is the widow of Jesse Tomlinson, who died December 17, 1894. The other defendants are the children of said Jesse and Eliza Tomlinson. Jesse Tomlinson, in his lifetime, was the owner of two hundred and forty acres of land in Jones county, Iowa. That the defendant was a brother of Jesse Tomlinson. Jesse Tomlinson and his wife were both over seventy years of age. Jesse Tomlinson was mentally and physically infirm. He placed great confidence in and reliance on the defendant, who was several years younger than himself. That he was indebted in the sum of about five thousand dollars, and was sued for slander. That he was a man easily irritated, and his obligations and this slander suit annoyed and worried him. Some ten years prior to his death, he had fallen from a horse, and for several years before he died he had failed much in mind and health. He had grown peculiar; would take the farm tools, and hide them; left considerable sums of money in rubbish, in old buildings, and in barns; left promissory notes in old tin cans; preached to himself in the fields in a loud voice; was afraid his son would squander his money. The defendant, taking advantage of the weak mental condition of said Jesse, and with the pretense on his part of aiding Jesse to pay his debts, and of assisting him in the management of his affairs, obtained a conveyance from Jesse and his wife of all their land under the promise that their title to the same should not be affected; that he would not place the deed of record; that when Jesse's debts were paid he would re-convey the land to him. Relying upon the representations of the defendant, and by reason of his influence over Jesse and his wife, he secured said conveyance, placed the same of record, and, as a part of his scheme to defraud his brother, he pretended to lease said land to Jesse, and entered into a written contract of lease with him. Eighty acres of said land was sold, and with the proceeds of it, and of certain personal property, the defendant paid off all of Jesse's debts. The one hundred and sixty acres of land which was left has always been in the possession of Jesse or his wife and heirs. Said

land embraced the homestead of Jesse Tomlinson and his wife, and said homestead had never been set apart. There was not a dollar's consideration for the conveyance of the land by Jesse Tomlinson and his wife to the defendant, and, after the eighty acres had been sold, and Jesse had turned over the crops raised, or their proceeds, to the defendant, to aid in paying his debts, and after the debts were all paid, there still remained one hundred and sixty acres of land, worth about ten thousand dollars, which is the land the defendant seeks to hold as against plaintiffs. Finding that his title to the land, acquired without any consideration, was of doubtful validity, the defendant, without the knowledge or consent of Eliza Tomlinson, went with Jesse before a notary, and had a provision inserted in the deed to the effect that the deed was subject to all mortgages and liens against the property. Jesse Tomlinson's situation was this: He had a farm worth about fourteen thousand dollars, and owed five thousand dollars. The defendant, without having invested a dollar of his own money, insists on a right to hold title to the one hundred and sixty acres, worth ten thousand dollars. The defendant had often expressed his opinion to the effect that his brother, Jesse, had not been fit to do business, that he had about lost his mind, that he was not responsible, and was not capable of doing business. To others he said that his brother, Jesse, had not been capable of doing business for seven or eight years. He also told the parties, prior to the time the deed was made, that he was going to try and persuade Jesse to put this property in his (defendant's) hands, to keep his son and others from squandering it, and that Jesse was not capable of attending to his own business. It thus appears, according to the defendant's own statements, he knew, when he took the conveyance, and when he had the same altered by inserting the provisions heretofore referred to, that the brother he was dealing with was mentally incapable of protecting his own interests, and that he now seeks to take advantage of a conveyance, which, in view of all of the evidence, it is fair to say he induced his brother to execute to him without any consideration whatsoever. We think it clearly appears that this conveyance was induced by the acts of the defendant and his promises, that he never paid anything for the land, that he has perpetrated a fraud, and that he ought not to be permitted to profit by it. He took advantage of the condition and confidence of his brother to secure the title to this land, and he should be compelled to restore that which he took to those to whom it rightfully belongs. The motion to reinstate the case is sustained. The motion to strike

the amendment to the abstract need not be considered, in view of the disposition made of the case. The decree below was correct, and it is AFFIRMED.